IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 01-cv-01315-REB-CBS

LEONARD BALDAUF,

      Plaintiff,

v.

JOHN HYATT, *et al.* ,

      Defendants.

_____

**ORDER and
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Craig B. Shaffer**

      The matter before the court is Defendants' Motion to Dismiss Plaintiff's

Complaint [#76], filed on February 17, 2006.  Plaintiff filed a Response [#90], on April

13, 2006.  Defendants filed their Reply [#91], on April 19, 2006.  Pursuant to the Order

of Reference [#14] filed October 23, 2001, this civil action was referred to the

Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters . . . and submit

proposed findings of fact and recommendations for rulings on dispositive motions . . . ."

By a Memorandum [#77], dated February 17, 2006, Defendants' Motion to Dismiss was

referred to the Magistrate Judge for determination.

      The court has reviewed the Motion to Dismiss, the Response, the Reply, the

exhibits, the entire case file, and the applicable law and is sufficiently advised in the

premises.  For the reasons discussed below, it is recommended this court find and

conclude that Defendants' Motion to Dismiss Plaintiff's Complaint be granted in part and denied in part.

## I.      Background.

On July 11, 2001, Plaintiff Leonard Baldauf ("Plaintiff"), an inmate incarcerated by the Colorado Department of Corrections ("CDOC"), filed his Complaint [#3] alleging claims against the Defendants pursuant to **42 U.S.C. §1983** for violations of his constitutional rights.  On November 19, 2001, all of the Defendants, except for Chad Nelson who was never served with the Plaintiff's Complaint, filed a Motion to Dismiss [#19].  On March 3, 2003, United States Magistrate Judge Craig B. Shaffer issued a Recommendation of United States Magistrate Judge [#30], which recommended denying Plaintiff's Motion to Amend Complaint and granting the Defendants' Motion to Dismiss.

The Recommendation made the following determinations on the merits of the Plaintiff's claims: (1) the physical injury requirement of the Prison Litigation Reform Act, **42 U.S.C. § 1997e(e)** barred the Plaintiff's claim for compensatory damages, (Rec., at 4); (2) Plaintiff stated no cognizable claim for punitive damages, (Rec., at 5); (3) Plaintiff's First Amendment retaliation claim failed on its merits, (Rec., at 5-6); (4) Plaintiff's official capacity claims were barred by the Eleventh Amendment, (Rec., at 7-9); (5) Defendants Neet, Masterson, Tappe, Martinez, Roberts, Zalman, Harlen and Claar lacked any personal participation or any supervisory liability for any alleged retaliation, (Rec., at 9-10); (6) Plaintiff stated no cognizable conspiracy claim, (Rec., at 10-12); and (7) the Defendants were entitled to qualified immunity from the Plaintiff's

claims because the Plaintiff failed to sufficiently allege any violation of any constitutional right, (Rec., at 12). Finally, the Magistrate Judge recommended denying Plaintiff's Motion to Amend on the basis that there was no material difference between the Complaint and the proposed Amended Complaint, and the proposed Amended Complaint failed to cure the legal defects identified in the Recommendation. (*See* Rec., at 12-13).

Plaintiff filed an Objection [#31] to the Magistrate Judge's Recommendation on March 17, 2003.  On March 25, 2003, the Court issued an Order [#32] accepting and adopting the Magistrate Judge's Recommendation to deny Plaintiff's Motion to Amend Complaint and grant Defendants' Motion to Dismiss.  Judgment [#33] entered in favor of the Defendants on March 27, 2003.  Plaintiff filed a Notice of Appeal [#34] on April 24, 2003.

On January 26, 2005, the United States Court of Appeals for the Tenth Circuit issued an Order and Judgment on Plaintiff's appeal.  The Tenth Circuit Order and Judgment, in pertinent part, states as follows:

> As the parties agree, the threshold issue before us is whether the ***Heck*** doctrine, see ***Heck v. Humphrey,*** 512 U.S. 477 (1994), bars jurisdiction in this case.  Whether ***Heck*** applies depends on whether deprivation of good-time or earned-time credits necessarily affects the duration of a Colorado prisoner's confinement.  The record is inadequate to resolve this matter, and both counsel at oral argument sought remand to the district court for development of the record.  Accordingly, we REMAND to the district court for further proceedings concerning whether, under the ***Heck*** doctrine, the district court has jurisdiction to hear Mr. Baldauf's claims.  If the court determines that it has jurisdiction, it should decide the merits, conducting any further proceedings that it deems necessary.

On remand to this Court by the Tenth Circuit, a status conference was held

3

before Magistrate Judge Shaffer on August 10, 2005. The Magistrate Judge directed the parties to submit jurisdictional briefs on the *Heck* issue raised by the Tenth Circuit's remand.  Defendants filed their Jurisdictional Brief [#65] on September 12, 2005, and Plaintiff filed his Brief on Jurisdiction [#68] on September 14, 2005.  Each party filed a response to the opposing party's jurisdictional brief. (*See* [#69 & 70]).  On January 3, 2006, Magistrate Judge Shaffer issued a Recommendation of United States Magistrate Judge [#71],  recommending that the Court find that Plaintiff's claims are not barred by the *Heck* doctrine and the Court, therefore, has subject matter jurisdiction to review Plaintiff's claims.  Both parties filed Objections to the Magistrate Judge's Recommendation. (*See* [#72 & 73]).  Nonetheless, the Court accepted and adopted the Magistrate Judge's Recommendation in its February 8, 2006, Order [#75].

Now, Defendants renew their arguments concerning the merits of the Plaintiff's claims.  Pursuant to **FED. R. CIV. P. 10(c)**, Defendants have incorporated by reference all of their arguments and authorities presented in their Motion to Dismiss [#19] and in their Reply Brief [#27].  However, upon further review of the Magistrate Judge's prior recommendation to grant the Defendants' Motion to Dismiss, the Magistrate Judge has determined that modification to the prior recommendation is required.  Therefore, it is now recommended that the court grant in part and deny in part Defendants' Motion to Dismiss.

## II.     Standard of Review.

Defendants[1] have moved to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." **FED. R. CIV. P. 12(b)(6).** When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, 222 F.3d at 1240 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Further, the court must construe Plaintiff's Complaint and other papers liberally because he appears *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court may not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

III.   **Analysis.**

A.     **PLRA's Physical Injury Requirement.**

---

[1] The court's records indicate that Defendants Chad Nelson and Unknown Property Officer have not been served with the Summons or Complaint in this civil action, have not filed with the Clerk of the Court a signed waiver of service, and have not appeared in the case.

Defendants have moved pursuant to Rule 12(b)(6) for dismissal of Plaintiff's claims against them because Plaintiff has not alleged that he suffered any physical injury, which is a requirement under the PLRA for an inmate to bring a federal claim for monetary damages. *See* **42 U.S.C. § 1997e(e)**; *see also Perkins v. Kansas Dep't Corr.*, 165 F.3d 803, 807 (10th Cir. 1999). Section 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* "Therefore, although claims for mental and emotional distress can be brought pursuant to § 1983 . . . § 1997e(e) provides that 'such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'" *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222-23 (D. Colo. 2001) (quoting *Perkins*, 165 F.3d at 807).

The physical injury requirement of § 1997e(e) applies to First Amendment claims. *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied,* 122 S. Ct. 2356 (2002) ("The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."); *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3rd Cir. 2000) (rejecting plaintiff's argument that his First Amendment claim was not subject to § 1997e(e) because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376 (7th Cir. 2000) (court declined to "carve out exceptions" to § 1997e(e) "for which Congress did not provide"); *Davis v. D.C.,* 158 F.3d 1342, 1345-47 (D.C. Cir. 1998)

6

(assuming the applicability of § 1997e(e) to a claim for violation of the constitutional right of privacy).

Plaintiff concedes that the only injuries here are "loss of property and privileges." (Resp. p. 2).  Therefore, Plaintiff's claim for compensatory damages must be dismissed. However, § 1997e(e) does not bar recovery of injunctive relief, *Perkins*, 165 F.3d at 808, or nominal or punitive damages, *Searles*, 251 F.3d at 876.  In this case, Plaintiff's allegations are also insufficient to state a claim against the Defendants for punitive damages.

"Punitive damages are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (citation omitted).  A review of the Complaint reveals that Plaintiff has not alleged sufficient facts to show that Defendants acted either intentionally or recklessly to violate his constitutional rights. *[See, i.e.,* Compl., p. 8 (Defendants "conducted an unusually lengthy and minute search of my cell" and "took petty, spiteful actions"); Resp. p. 2 ("The question of whether I can make a showing justifying punitive damages is premature at this stage")]. There are no allegations regarding Defendants' intent or motive.  Plaintiff has not adequately alleged that Defendants acted intentionally or recklessly to violate his constitutional rights.

Because Plaintiff has not made any allegation of physical injury and has not stated a claim for punitive damages, his request for compensatory and punitive damages claims are properly dismissed.  However, his request for nominal damages

7

and injunctive relief remain to the extent it is consistent with this order.

**B.    Claim One: Retaliation for Exercise of First Amendment Rights.**

**i.    *Against Defendants Neet, Masterson, Tappe, Martinez, Roberts, Zalman, Romero, Harlen, and Claar.***

Plaintiff defines his First Claim as "First Amendment Right of Access to Courts, claiming that Defendants retaliated for attempts to seek redress in courts and through grievance process." (Compl., p. 3).  Plaintiff later clarified that he did not intend to pursue a right of access to courts claim. (Resp., p. 1) ("[T]here is no denial-of-access-to-the-courts claim, but rather retaliation for exercise of that right.").  Therefore, the following analysis is confined to Plaintiff's retaliation claim.  Defendants Neet, Masterson, Tappe, Martinez, Roberts, Zalman, Romero, Harlen, and Claar argue that this claim fails as against them because Plaintiff fails to allege personal participation on their behalf in any underlying constitutional violation.

To the extent Plaintiff is suing Defendants in their individual capacities, Plaintiff must allege personal participation to impose liability upon a government official personally.  ***Mitchell v. Maynard,*** 80 F.3d 1433, 1441 (10th Cir. 1996); ***see also Grimsley v. MacKay,*** 93 F.3d 676, 679 (10th Cir. 1996) (finding that a defendant may not be held liable merely because of a supervisory position).   Plaintiff must allege an affirmative link between the alleged constitutional violation and the Defendants' participation.  ***Stidham v. Peace Officer Standards & Training,*** 265 F.3d 1144, 1157 (10th Cir. 2001).

With respect to Defendants Neet, Masterson, Tappe, Martinez, Roberts, Zalman,

Romero, Harlen, and Claar, Plaintiff has failed to plead personal participation in or any supervisory liability for the alleged retaliation.  Specifically, Plaintiff claims as follows:

1.      Defendant Roberts was Plaintiff's case manager and handled his numerous grievances;

2.      Defendants Tappe and Martinez were the hearing officers at Plaintiff's disciplinary proceedings;

3.      Defendants Neet, Claar, and Masterson were involved in Plaintiff's appeal of his disciplinary convictions;

4.      Defendant Romero allegedly spread slanderous rumors, made false interview records, and violated confidentiality; however Plaintiff does not specify the content of the rumors or how they could have chilled his First Amendment rights, when and how those interview records were made, or why Defendant Romero had a confidentiality duty towards him;

5.      Defendant Harlen allegedly refused to take corrective action concerning Plaintiff's grievances against three other Defendants; however, Plaintiff does not claim that Defendant Harlen would not have made such a refusal but for a retaliatory motive; and

6.      Defendant Zalman, who is the Director of Offender Services in Colorado Springs, Colorado, allegedly took no action in response to a letter sent to him by Plaintiff; however, Plaintiff does not allege that Zalman had any knowledge of Plaintiff's grievance.

None of these Defendants is alleged to have participated in any specific acts of

retaliation based on Plaintiff's First Amendment rights.  Plaintiff merely claims that these Defendants were involved in the grievance and disciplinary process.  That alone does not establish retaliation or demonstrate how these Defendants' actions chilled Plaintiff's First Amendment rights.  Therefore, Plaintiff's retaliation claim against these Defendants should be dismissed for failure to allege personal participation and for failure to state a claim pursuant to Rule 12(b)(6).

> ii.   *Against Defendants Fahey, Hyatt, Nelson, and other unnamed officers.*

Further, Plaintiff claims that Defendants Fahey, Hyatt, Nelson, and other unnamed officers took disciplinary and other adverse actions, against him in retaliation for his exercise of his First Amendment rights by filing a lawsuit in state court. Specifically, he claims Defendants Fahey and Hyatt were upset about his attempt on July 15, 1999, to serve them with papers related to a state court lawsuit.  Plaintiff claims that on July 20, 1999, Defendant Nelson and other unnamed officers conducted a search of his cell  in retaliation for his state court lawsuit.  Further Defendant Fahey allegedly hindered Plaintiff's access to grievance forms and "ordered staff not to give them to me. . . ," again in retaliation for Plaintiff's state court action.  (Compl., unnumbered p. 8).

A liberal reading of the Complaint indicates that Plaintiff sufficiently pled that these Defendants' actions were made in retaliation in violation of Plaintiff's First Amendment rights.  *See Smith v. Maschner,* 899 F.2d 940, 948 (10th Cir. 1990) ("[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a

10

different reason, would have been proper." ) (internal citations/quotations omitted);

*Wright v. Newsome*, 795 F.2d 964, 968 (11ᵗʰ Cir.1986) (action taken in retaliation for

inmate's filing of administrative grievance violates inmate's first amendment rights); *see*

*also Yousef v. Reno,* 254 F.3d 1214, 1219 (10ᵗʰ Cir. 2001) ("A complaint should not be

dismissed [for failure to state a claim upon which relief may be granted] under FED. R.

CIV. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief.").

Plaintiff's averments have sufficiently claimed that Defendants Fahey, Hyatt,

Nelson, and other unnamed officers'  disciplinary and other adverse actions "'would

chill a person of ordinary firmness from continuing to engage in that activity,'" and were

taken in retaliation for his state court lawsuit.  *Zarska v. Higgins,* 2006 WL 689449, **4

(10ᵗʰ Cir. 2006) (quoting *Poole v. County of Otero,* 271 F.3d 955, 960 (10ᵗʰ Cir. 2001 ).

Therefore, Plaintiff's First Claim for relief against these Defendants surpasses the low

threshold required to avoid disposition through Rule 12(b)(6).  However, it is essential

that Plaintiff ultimately prove at trial specific facts showing retaliation resulting from the

exercise of his First Amendment right to file grievances.

> ### iii.    *Remaining Defendants: Fulton, Carreras, Davis, Maestas, Garcia, and Archleta[2].*

With respect to Defendants Davis and Carreras, Plaintiff claims, *inter alia,* that

he was reassigned to a different job in retaliation for filing grievances.  Specifically,

Plaintiff claims as follows:

---

[2]  Plaintiff's First Claim for Relief does *not* implicate Defendant Carr, to whom Plaintiff refers in his Second Claim for Relief only.

1.      Defendant Carreras reassigned him to a job for the handicapped; gave
        false testimony in a hearing; and assigned Plaintiff to a cell mate with
        whom he had prior difficulties, which resulted in an altercation between
        the two; and

2.      Defendant Davis, according to two other inmates, vowed to fire Plaintiff
        for filing grievances– however, Plaintiff was not fired, but reassigned by
        Carreras and Garcia to a job for the handicapped.  Plaintiff does not
        indicate whether the reassignment came before or after he filed a
        grievance.

In ***Williams v. Meese,*** 926 F.2d 994 (10th Cir.1991), the Tenth Circuit reversed

the Rule 12(b)(6) dismissal of a pro se prisoner's claim "that he was denied particular

job assignments or was transferred from one job to another in retaliation for filing

administrative grievances." ***Id.*** at 998.  The Court noted that "although plaintiff has no

right to a job or to any particular assignment, prison officials cannot punish plaintiff for

exercising his First Amendment rights by denying him certain job assignments or

transferring him from one job to another." ***Id.***  Based on the foregoing, Plaintiff has

plead with sufficiency his retaliation claims against Defendants Davis and Carreras.

With respect to Defendants Fulton, Maestas, Garcia, and Archleta, Plaintiff

claims that the Defendants engaged in the following behavior as a part of a "campaign

by Hyatt and his staff of harassment, retaliation, and wrongful disciplinary charges."

(Compl., unnumbered p. 8):

1.      Defendant Fulton ignored Plaintiff's requests for grievance forms and

"falsely alleged verbal abuse of staff in my ad seg reviews" (Compl.,
unnumbered p. 8);

2.      Defendant Maestas charged Plaintiff with fighting after a stabbing incident
between Plaintiff and another inmate; however, Plaintiff claims that it was
under Defendant Hyatt's direction that Defendant Maestas charged
Plaintiff;

3.      Defendant Garcia destroyed property of Plaintiff's but preserved his
inmates when packing up his cell (Compl., unnumbered p. 8); and

4.      Defendant Archleta "tailored his notice of charge[3] after consulting Hyatt."

Again, a liberal reading of the Complaint indicates that Plaintiff sufficiently pled
that the aforementioned actions taken were in retaliation for filing grievances in
violation of his First Amendment rights.  *See Smith v. Maschner,* 899 F.2d 940, 948
(10th Cir. 1990).  Defendants' actions, if true, could chill Plaintiff's First Amendment
rights. *See Poole v. County of Otero*, 271 F.3d 955, 960 (10th Cir.2001) (internal
quotation marks omitted) ("Retaliation, though it is not expressly referred to in the
Constitution, is nonetheless actionable because retaliatory actions may tend to chill
individuals' exercise of constitutional rights."). Therefore, Defendants' Motion to
Dismiss Plaintiff's First Claim for relief against Defendants Fulton, Maestas, Garcia,
and Archleta should be denied.

### C.      Claim Two:  Conspiracy to Interfere with Grievances.

Plaintiff defines his Second Claim for relief against the Defendants as a

---

[3] Plaintiff does not clearly indicate for which incident the notice of charge was filed.

conspiracy claim.  Plaintiff alleges pursuant to § 1983 that Defendants conspired to interfere with his filing of grievances.  (Comp. p. 5, unnumbered p. 8).  "By a § 1983 conspiracy claim," the Tenth Circuit "mean[s] a conspiracy to violate a right protected by § 1983; in other words, a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law." *Dixon v. City of Lawton, Okla*. 898 F.2d 1443, 1449 n. 6 (10th Cir. 1990) (citations omitted).  "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show the following: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).  *See also Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (while allegations of conspiracy may form the basis of a § 1983 claim, *a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants*) (emphasis added/citation omitted), *aff'd* 254 F.3d 941 (10th Cir. 2001).

"[T]he plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Askew*, 191 F.3d at 957 (citation omitted).  *See also Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir.1999) (the elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right) (citation omitted);  *Brennan v. Hendrigan*, 888 F.2d 189, 195 (1st Cir.1989) (because a § 1983 conspiracy claim

14

requires proof of a constitutional deprivation, conspiracy claim was properly dismissed); *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980) ("While conspiracies may be actionable under section 1983, it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws.") (citation omitted).

First, Plaintiff has indicated that he is not asserting a constitutional claim for denial of access to the courts.  (Plaintiff's Resp. p. 1 ("there is no denial-of-access-to-the-courts claim, but rather retaliation for exercise of that right")).  Second, Plaintiff's allegations are not sufficient to state a claim for conspiracy under § 1983.  Plaintiff presents nothing more than his conclusory allegation of a conspiracy.  (Comp. p. 5, unnumbered p. 8).  Plaintiff fails to allege an understanding, agreement, or concerted action necessary to state a claim for conspiracy under §1983.  Plaintiff has not alleged the date or time of the alleged conspiracy or the Defendants' roles in the conspiracy. *See Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (upholding dismissal of an amended complaint that failed to provide factual averments as to the nature of the alleged conspiracy or the defendant's role in the alleged activities);  *Alfaro v. E.F. Hutton & Co., Inc.*, 606 F. Supp. 1100, 1117 (E.D. Pa. 1985) (holding that a general conspiracy allegation without a statement of facts is insufficient to state a cause of action).  The court cannot infer that merely because the Defendants worked together they were conspiring to violate Plaintiff's rights.  Thus, Plaintiff has failed to allege the facts necessary to state a claim for conspiracy under § 1983.

**D.**     **Qualified Immunity.**

Defendants assert the defense of qualified immunity to Plaintiff's claims.  Under the doctrine of qualified immunity, government officials are immune from civil damages liability for constitutional torts as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.  ***Anderson v. Creighton***, 483 U.S. 635, 638 (1987).  When the defense of qualified immunity is raised, the appropriate inquiry proceeds in several stages.  ***Hannula v. City of Lakewood***, 907 F.2d 129, 130-31 (10th Cir.1990).  The court "must first determine 'whether the plaintiff has sufficiently alleged that the defendant violated a statutory or constitutional right.'" ***Butler v. City of Prairie Vill., Kan.,*** 172 F.3d 736, 745 (10th Cir. 1999) (citation omitted).  ***See also Wilson v. Layne***, 526 U.S. 603, 609 (1999) (a court evaluating a claim of qualified immunity "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (citation omitted).

Once a defendant pleads qualified immunity, the plaintiff initially bears a heavy two-part burden. ***Hannula,*** 907 F.2d at 130-31.  First, a plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. ***Romero v. Fay,*** 45 F.3d 1472, 1475 (10th Cir. 1995); ***see also Siegert v. Gilley,*** 500 U.S. 226, 232 (1991) ("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' ⋯ is the determination of whether the plaintiff has asserted a violation of a constitutional right at all.").  Second, a plaintiff must show that the constitutional or statutory rights the defendant allegedly violated

16

were clearly established at the time of the conduct at issue. *Davis v. Scherer*, 468

U.S. 183, 197 (1984). "[P]laintiff must articulate the clearly established constitutional

right and the defendant's conduct which violated the right with specificity." *Romero,* 45

F.3d at 1475.

To be clearly established, "[t]he contours of the right must be sufficiently clear

that a reasonable official would understand that what he is doing violates that right."

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  Although the very action in

question does not have to have previously been held unlawful, "in the light of pre-

existing law the unlawfulness must be apparent." *Id.*  "Ordinarily, in order for the law to

be clearly established, there must be a Supreme Court or Tenth Circuit decision on

point, or the clearly established weight of authority from other courts must have found

the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960

F.2d 1493, 1498 (10th Cir.1992).  If the plaintiff fails to carry either part of his two-part

burden, the defendant is entitled to qualified immunity. *Albright v. Rodriguez,* 51 F.3d

1531, 1534 -1535 (10th Cir. 1995).

Here, Plaintiff has sufficiently alleged that Defendants Fahey, Hyatt, Nelson,

other unnamed officers , Fulton, Carreras, Davis, Maestas, Garcia, and Archleta have

violated § 1983 by retaliating against him for exercising his First Amendment rights.

*See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998) (holding retaliation is

improper "even where the action taken in retaliation would be otherwise permissible");

*Poole v. County of Otero*, 271 F.3d 955, 960 (10th Cir.2001) ("Retaliation, though it is

not expressly referred to in the Constitution, is nonetheless actionable because

retaliatory actions may tend to chill individuals' exercise of constitutional rights."

[internal quotation marks omitted]).  However, Defendants Neet, Masterson, Tappe,

Martinez, Roberts, Zalman, Harlen, Carr, and Claar are entitled to qualified immunity

because Plaintiff has provided no set of facts demonstrating that Defendants retaliated

against him for exercising his First Amendment rights.

###### E.   Official Capacity.

To the extent that he is suing Defendants in their official capacities, Plaintiff is in

reality attempting to impose liability on their employer, the Colorado Department of

Corrections ("CDOC").  *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988).

A suit against a state official in his or her official capacity is treated as a suit against the

state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Absent a waiver, the Eleventh Amendment forbids a suit for damages against a

state in federal court.  *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir.

1993) (citation omitted).  Eleventh Amendment immunity extends to the states

themselves and to those governmental entities that are "arms of the state."  *Id.* at 994

(citation omitted).  States, state officials sued in their official capacities, and

governmental entities that are considered "arms of the state" are not "persons" within

the meaning of **42 U.S.C. § 1983**.  *Will v. Michigan Dep't of State Police*, 491 U.S.

58, 71 (1989).  Such entities cannot be sued for monetary damages arising from

alleged conduct which deprives a plaintiff of his or her civil liberties.  If the Eleventh

Amendment applies, it confers total immunity from suit, not merely a defense to liability.

*Ambus*, 995 F.2d at 994 (citation omitted).

18

The Eleventh Amendment bars imposition of a liability which must be paid from public funds in the state treasury.  **Quern v. Jordan**, 440 U.S. 332, 336 (1979). However, the Eleventh Amendment is no bar to imposition of prospective injunctive relief, even when the remedy will enjoin the implementation of official state policy or may cost the state a great deal of money in the future.  **Quern**, 440 U.S. at 337 (citing **Ex Parte Young**, 209 U.S. 123 (1908)).  The Eleventh Amendment also does not prohibit actions for damages against state officials in their individual capacities, where the money recovery will come out of the individual officials' pockets.  **Kentucky v. Graham**, 473 U.S. 159, 164 (1985).

Whether a governmental entity is an "arm of the state" is determined by balancing the entity's independent powers with those entirely dependent on the state. If the entity is the state's alter ego, dependent entirely on the state for the funds and resources to respond to a suit for damages, it is equivalent to the state**. Mt. Healthy City Bd. of Educ. v. Doyle**, 429 U.S. 274, 280 (1977).  The CDOC is an arm of the state and is, thus, entitled to Eleventh Amendment immunity.  **See Will**, 491 U.S. at 70. Thus, all claims for money damages against Defendants in their official capacities must be dismissed as barred by Eleventh Amendment immunity.

### F.    Defendants Nelson and  "Unnamed Property Officer."

Finally, upon further review of the record, Plaintiff has failed to serve or provide waiver of service with respect to Defendants Nelson and "Unnamed Property Officer." Plaintiff had 120 days from July 11, 2001– the date his Complaint was filed–  within which to serve these Defendants.  **See FED. R. CIV. P. 4(m)**. Yet, as of July 25, 2006,

failed has failed to provide proof of service or waiver of service as to Defendants Nelson and "Unnamed Property Officer."

Therefore,

**IT IS ORDERED** that Plaintiff show cause in writing on or before **September 1, 2006**, why this civil action should not be dismissed for failure to effect service and failure to prosecute as to Defendant Nelson and "Unnamed Property Officer."

Further,

**IT IS RECOMMENDED** as follows:

1.      That Defendants' Motion to Dismiss Plaintiff's Complaint [#76], filed on February 17, 2006, **BE DENIED in part** as follows: that Plaintiff's First Claim for Relief against Defendants Fahey, Hyatt, Nelson, other unnamed officers, Carreras, Davis, Fulton, Maestas, Garcia, and Archleta **remain**;

2.      That Defendants' Motion to Dismiss Plaintiff's Complaint [#76], filed on February 17, 2006, **BE GRANTED in part** as follows:

    a.      That Plaintiff's Second Claim for Relief– a conspiracy claim– **be dismissed**;

    b.      That Plaintiff's claims against each Defendant in his official capacity **be dismissed with prejudice**;

    c.      That Plaintiff's claims against Defendants Neet, Masterson, Tappe, Martinez, Roberts, Zalman, Romero, Harlen, Carr, and Claar and that Plaintiff's claims against them **be barred** by the

principles of qualified immunity and, therefore, **be dismissed with prejudice**;

    d.    That Plaintiff's request for compensatory and punitive damages **be denied**; and

    e.    That  Defendants Neet, Masterson, Tappe, Martinez, Roberts, Zalman, Romero, Harlen, Carr, and Claar **be dropped** from this action; and

3.    That in the event that Plaintiff fails to comply with this court's Order to Show Cause, this civil action **BE DISMISSED without prejudice** against Defendant Nelson and "Unnamed Property Officer" pursuant to **FED. R. CIV. P. 4(m)** for failure to effect service on these Defendants and pursuant to **D.C.COLO.LR 41.1** for failure to prosecute.

## IV.   Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. **28 U.S.C. § 636(b)(1); FED. R. CIV. P.  72(b)**;  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which a specific objection is made. **28 U.S.C. § 636(b)(1)**.  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. ***See In re***

21

*Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  **28 U.S.C. § 636(b)(1)**.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Prop.*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. U.S.*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

**DATED** at Denver, Colorado, this 1st day of August, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge