IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 01-cv-01315-REB-CBS

LEONARD BALDAUF,

    Plaintiff,

v.

JOHN HYATT,
ROBERT FAHEY,
BETTY FULTON,
PAUL CARRERAS,
CONNIE DAVIS,
KENT MAESTAS,
[JOSEPH] GARCIA,
DAVID ARCHULETA,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE CRAIG B. SHAFFER**

    IT IS HEREBY ORDERED that Plaintiff's Motion for Copy of Standards (*doc. no. 124)* is **GRANTED**. Attached to this minute order is a copy of District Judge Robert E. Blackburn's Practice Standards for Civil Actions.

**DATED:**    February 12, 2007

*Our bondage to law is the price we pay for freedom.* Judge Robert T. Mann

**PRACTICE STANDARDS
CIVIL ACTIONS**

**TO:**      Counsel and Parties
**FROM:**    Judge Robert E. Blackburn, United States District Judge
**RE:**      Practice Standards (Civil Actions)

### I.  PURPOSE AND RELATION TO OTHER RULES

**A.  Purpose And Authority**

1.  Consistent with Fed.R.Civ.P. 1, these revised practice standards are adopted to secure the just, speedy, and inexpensive determination of every civil action.  These revised practice standards shall apply to all motions, petitions, applications, responses, replies, objections, orders, and all other papers filed on or after **January 2, 2007**, and to all hearings and trials conducted on or after **January 2, 2007**.  They may be revised without notice and may be modified by orders entered in specific cases. These practice standards have the force and effect of the orders of this court.

**B.  Relation To Local Rules**

1.  These practice standards supplement, not supplant or supersede, The Local Rules of Practice of the United States District Court for the District of Colorado.

**C.  Access To Local Rules & Practice Standards**

1.  Copies of the local rules are available at **http://www.cod.uscourts.gov/rules_frame.htm**, from the District Court's home page (**http://www.cod.uscourts.gov**) under "United States District Court" at "Local Rules," and from the clerk of the court in **Room A105**.

2.  Copies of these practice standards are available at **http://www.cod.uscourts.gov/judges_frame.htm**, from the District Court's home page (**http://www.cod.uscourts.gov**) under "United States District Court" at " Judicial Officers' Procedures," and from the clerk of the court in **Room A105**.

## II. GENERAL PROCEDURES

**A. Applicable Rules**

    1. Those appearing in the District Court must know and follow:

        a. The Federal Rules of Civil Procedure;
        b. The Federal Rules of Evidence;
        c. The Local Rules of Practice of the United States District Court for the District of Colorado; and
        d. The Electronic Case Filing Procedures (Civil Version 2.0 or the most current version).

    2. Failure to comply with the foregoing rules or procedures or the Practice Standards of this court may result in the imposition of appropriate sanctions, including, but not limited to, striking noncomplying papers, punishing contempt of court, vacating hearings or trials, or dismissing claims or the action.

**B. Communications with Chambers**

    1. For information about the status of a motion or document, please contact the assigned civil docketing clerk, **Eileen Van Alphen**, at **303-335-2045,** or utilize the CM/ECF system available at **https://ecf.cod.uscourts.gov/**, or at **http://www.cod.uscourts.gov/pacer_frame.htm**, or from the District Court's home page (**http://www.cod.uscourts.gov/)** under "United States District Court" at "PACER."

    2. For information about courtroom technology, trial preparation, or submission of trial exhibits, please contact the courtroom deputy clerk, **Ginny Kramer**, at **303-335-2104**.

    3. For other information or assistance, please contact **Susan Schmitz**, at **303-335-2350.  <u>Please do not contact the law clerks about procedural or scheduling matters</u>.  <u>They may speak to counsel only pursuant to the court's specific instructions</u>.**

**C. Service by Electronic Means**.

    1. Parties are encouraged to consent to service by electronic means pursuant to Fed.R.Civ.P. 5(b)(2)(D) and D.C.COLO.LCivR 5.2.

    2. You may be directed to transmit proposed orders or other pleadings or papers by facsimile at **303-335-2356** or by electronic mail to **blackburn_chambers@cod.uscourts.gov**.  If e-mail is used, the proposed order or document should be submitted as an attachment in preferably Word Perfect

2

format (preferably Word Perfect 12 or a later version of Word Perfect) or Word, using an Arial 12 point font.  The e-mail message should identify the case number and document attached.  **Please do not send documents directly to chambers by facsimile or electronic mail unless ordered to do so.**

### D. Citations

1.  Citations shall be made pursuant to the most current edition of **THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION** (currently the 18th ed. 2005).

2.  General references to cases, pleadings, depositions, or documents are insufficient if the document is more than one page in length.  Whenever possible, specific references in the form of pinpoint citations shall be used to identify relevant excerpts from a document.

3. Whenever practicable, a citation to an unpublished opinion should include its Westlaw® citation.

4.  These Practice Standards should be cited as REB Civ. Practice Standard, Part, Section, Subsection, Paragraph, and Subparagraph (e.g., REB Civ. Practice Standard V.F.3.a.1.a.).

### E. Typeface

1.  All papers filed with the court by anyone other than a judicial officer shall be in an Arial 12 point font (exclusive of footnotes and endnotes). Noncomplying papers may be stricken.

### F. Continuances of Hearings and Trials

1.  Motions to continue are strongly discouraged because of the adverse effects they have on case management.  Motions to continue (including motions to vacate or reset) hearings and trials shall be determined pursuant to D.C.COLO.LCivR 6.1 and 7.1 and shall be granted only for good cause.  Oral or written motions to continue made at the time of a hearing or trial are unacceptable. Stipulations for continuance shall not be effective unless and until approved by the court.  When a motion to continue is granted, all parties will be notified as soon as practicable.

### G. Motions for Extensions of Time

1.  Motions for extension of time are strongly discouraged because of the adverse effects they have on case management. Thus, motions for extension of time will be granted only in rare and exceptional circumstances.  Motions for extension of time require a showing of good cause, which must be established with particularity.  Agreement by counsel does not constitute good cause.  Unless the

circumstances are truly unanticipated and unavoidable, the following do not constitute good cause:  inconvenience to counsel or the parties; press of business; conflicts in scheduling (*a fortiori*, when more than one attorney has entered an appearance for a party); or practice as a sole practitioner.

2.  Any motion for extension of time shall be filed no later than **three (3)** business days prior to the date the motion, response, reply, or other paper to which the extension applies is due.

3.  This practice standard is subject to D.C.COLO.LCivR 6.1A, which governs extension by stipulation.

**H.  Testimony by Telephone or Video Conference**

1.  Together with Fed.R.Civ.P. 43(a) for trials and 43(e) for motions, this practice standard governs requesting and taking testimony by telephone or video conference.

a.  A party may request that testimony be presented by telephone or video conference at a trial or hearing.  A request for presentation of testimony by telephone or video conference shall be made by written motion or stipulation filed at least **twenty-one (21) days** before the trial or hearing at which testimony is proposed to be taken by telephone or video conference.  The motion shall include:

1.  The reason(s) such testimony should be taken by telephone or video conference;
2.  A detailed description of all testimony which is proposed to be taken by telephone or video conference; and
3.  Copies of all documents or reports which will be used or referred to in such testimony.

b.  If any party objects to the taking of the testimony by telephone or video conference, the party shall file within **seven calendar (7) days** following service of the motion a written objection stating the basis of the objection.  If no objection is filed, the motion may be deemed confessed.

c.  Determination.  The court shall determine whether in the interest of justice the testimony may be taken by telephone or video conference.  The factors to be considered by the court in determining whether to permit testimony by telephone or video conference shall include but not be limited to the following:

1.  Whether there is a statutory right to testimony by telephone or video conference;

4

  2.  The cost savings to the parties of having the testimony presented by telephone or video conference versus the cost of the witness appearing in person;

  3.  The availability of appropriate equipment to permit the presentation of testimony by telephone or video conference;

  4.  The availability of the witness to appear personally in court;

  5.  The relative importance of the issue or issues for which the witness is offered to testify;

  6.  Whether credibility of the witness is a material issue;

  7.  Whether the case is to be tried to the court or to a jury; and

  8.  Whether the presentation of testimony by telephone or video conference would unreasonably inhibit the ability to cross examine the witness.

  d.  If the court orders testimony to be taken by telephone or video conference, the court may issue such orders as are appropriate to protect the integrity of the proceedings.

**I.  Settlement**

  1.  Settlement discussions are encouraged at all phases of the litigation process, especially early on; however, hearings, trials, and pretrial deadlines will not be continued or vacated to facilitate settlement negotiations or alternative dispute resolution.

  2.  If a settlement of a contested motion or a matter to be tried to the court is reached before the hearing or trial, please advise **Susan Schmitz**, at **303-335-2350**.  A motion hearing or bench trial will be vacated only if pleadings sufficient to resolve the matter (e.g., motion, stipulation, and proposed order) are filed **no later than 5:00 p.m. two (2) business days before the scheduled hearing or trial**.  If counsel and any pro se party are unable to file the appropriate documents by this deadline, counsel and any pro se party shall appear as scheduled to recite the settlement terms on the record.

  3.  If a matter set for jury trial is settled, documents evidencing the settlement must be filed at least **fourteen (14) days before trial**.  If counsel and any pro se party are unable to file the appropriate documents by this deadline, counsel and any pro se party shall appear as scheduled to recite the settlement terms on the record.

**J.  Partial Case Settlement/Dismissal**

  1.  If fewer than all claims, counterclaims, cross-claims, defenses, or parties are resolved by a settlement, then any paper requesting approval of the partial settlement or dismissal shall specify which claims, counterclaims, cross-claims, defenses, or parties will be resolved by the partial settlement and which will remain.

5

## III. COURTROOM PROCEDURES

### A. Court Appearances

1. Court time is valuable to litigants, counsel, and court staff.  **Please be prompt and prepared.  If a scheduled matter is called for hearing and a party or a party's counsel is not present, the matter may be moved to the end of the docket, reset for hearing, a default entered, sanctions imposed, or other orders entered as appropriate.  If a party is not prepared as required by the order setting the hearing, the matter may be reset without deference to the parties' needs; the request for relief, defense(s), or objection(s) may be denied; or other sanctions imposed**.  Unless otherwise directed, all matters will be heard in **Courtroom** A701 located on the seventh floor.  Matters heard by a Magistrate Judge will be in the courtroom assigned to that Magistrate Judge.

### B. Courtroom Organization and Protocol

1. Plaintiff's table is closest to the jury box.  There is one lectern in the courtroom at which all counsel and parties shall stand to make any statement or objection.

2. In jury trials, bench conferences are strongly discouraged and will be minimized.  Matters should be raised either before or after the trial day as required by the Trial Preparation Conference Order.

3. Please remember that the administration of an oath or affirmation is a solemn and integral part of a proceeding.  Your **complete attention** and that of everyone in the courtroom is expected and required.

4. Please observe traditional courtroom decorum: please rise to address the court, and please request permission to approach the bench and any witness.

5. If you have a question about courtroom protocol, contact the courtroom deputy clerk, **Ginny Kramer,** at **303-335-2104**.

### C. Recording of Proceedings

1. The official record of all trials and proceedings will be taken by either electronic sound recording (audiotape) or by a realtime reporter.  Prior to the beginning of any proceeding, please provide the courtroom technician or court reporter with your business card.

2. The realtime reporter assigned to the court is **Suzanne Claar, at 303-335-2107**.  Transcripts of proceedings may be ordered from Mrs. Claar.  Requests for realtime, daily, or hourly copy must be made at least **thirty (30) days** before the trial or hearing.  Further details can be obtained from Mrs. Claar.

**D. Exhibits**

1. Each party must pre-mark all exhibits and provide a copy to opposing counsel or any pro se party before the hearing or trial pursuant to the order setting the hearing or the Trial Preparation Conference Order. Absent stipulation of the parties approved by the court, exhibits not timely exchanged before the hearing or trial will not be admitted. Any stipulation of fact should be marked and marshaled as an exhibit.

2. The parties shall submit a single, joint list of exhibits listed numerically using the form posted at **http://ww.cod.uscourts.gov/judges/reb_civ_exhibit.pdf**, or **http://www.cod.uscourts.gov/judges_frame.htm,** under "Judge Robert E. Blackburn" at "Civil Exhibit List," or from the District Court's home page **(http://www.cod.uscourts.gov/)** under "United States District Court" at "Judicial Officers' Procedures" under "Judge Robert E. Blackburn" at "Civil Exhibit List":

   a. Exhibits to which the parties have stipulated shall be listed first with the "stipulated" box checked;

   b. The remaining exhibits shall be listed numerically;

   c. Do not mark an exhibit making reference to the party offering it, e.g., do not mark an exhibit as "Plaintiff's Exhibit _____" or "Defendant's Exhibit _____";

   d. The case number shall appear on each exhibit sticker or label; and

   e. The case number shall appear on each exhibit sticker or label.

3. Exhibits must be bound, e.g., in three-ring notebooks or folders, and the notebook or folder labeled with the following information: (i) caption, (ii) nature of proceeding, (iii) scheduled date and time, and (iv) "original" or "copy." If exhibits are not bound and labeled properly, the hearing may be delayed or continued until they are. Separate sets of bound exhibits must be brought to the hearing or trial for the court and the witness stand. If the matter is set for trial, the Trial Preparation Conference Order will specify the number of sets of exhibits.

4. Each party shall submit an original and one copy of all exhibits, together with the Witness List and Exhibit List preferred by the court (forms are available in the clerk's office **Room A105,** online at **http://www.cod.uscourts.gov/judges/reb_witness.pdf** and **http://www.cod.uscourts.gov/judges/reb_exhibit.pdf,** or at **http://www.cod.uscourts.gov/judges_frame.htm** or under "United States District Court" at "Judicial Officers' Procedures" under "Judge Robert E. Blackburn" at "Witness List" and "Exhibit List," or from the District Court's home page

7

(**http://www.cod.uscourts.gov/**) under "United States District Court" at "Judicial Officers' Procedures" under "Judge Robert E. Blackburn" at "Witness List" and "Exhibit List,") to the courtroom deputy clerk before any hearing or trial pursuant to the order setting the hearing or the Trial Preparation Conference Order.

### E. Witnesses

1. In scheduling witnesses, follow the "Baseball Rule":  one at bat, one on deck, and one in the hole.

2. Rather than handing a witness an exhibit, counsel or a pro se party should direct the witness to the appropriate exhibit already available at the witness stand or request the courtroom deputy clerk to present the exhibit to the witness.

### F. Depositions

1. Together with Fed.R.Civ.P. 32, this practice standard governs the use of depositions in court proceedings:

   a. Evidence to be presented by deposition shall be designated with specificity, i.e., by page(s) and line(s), no later than 45 days before trial.

   b. Objections to any portion of a proposed deposition shall be filed and determined in the time and manner prescribed by D.C.COLO.LCivR 7.1C. and REB Civ. Practice Standard V.A. and B.  The objectionable portion of the deposition shall be identified with specificity, i.e., by page(s) and line(s). Objections may be resolved before trial to facilitate appropriate redaction.

   c. For jury trials, parties are required to provide a person to read the deposition answers.

   d. For bench trials, depositions will not be read in open court. Instead, the court will read them in chambers in any requested sequence. At the beginning of the trial, the offering party shall provide the courtroom deputy clerk with **two (2) copies** of the relevant deposition transcript marked as an exhibit with plaintiff's designated portions highlighted in yellow, the defendant's in blue, and any other party's in green.

### G. Videotape Depositions

1. Together with Fed.R.Civ.P. 32, this practice standard governs the use of videotape depositions in court proceedings:

   a. Evidence to be presented by deposition shall be designated with as much specificity as practicable no later than 45 days before trial.

8

      b.  Objections to any portion of a proposed videotaped deposition shall be filed and determined in the time and manner prescribed by D.C.COLO.LCivR 7.1C and REB Civ. Practice Standard V.A. and B. Objections may be resolved before trial to facilitate appropriate redaction.

### H.  Special Equipment (Audio/Video)

1.  The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties.  A listing of available equipment can be found on the District Court's website at **http://www.cod.uscourts.gov/judges_frame.htm** under "Courtroom Technology Manual for Attorneys."  Notify the courtroom deputy clerk, **Ginny Kramer**, at **303-335-2104**, no later than **fourteen (14) days** before a hearing or trial of the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom.

### I.  Glossary

1.  Not later than **five (5) business days** before commencement of a hearing, a bench trial, a jury trial, or any other proceeding, counsel and any pro se party shall provide the court, the court reporter, the courtroom deputy clerk, opposing counsel, and any pro se party with a glossary of any unusual names or terms or technical names or terms.

### IV.  TRIALS

### A.  Final Pretrial Conference

1.  A final pretrial conference shall be held as prescribed by Fed.R.Civ.P. 16(d) and D.C.COLO.LCivR 16.3;

2. The form of Final Pretrial Order [D.C.COLO.LCivR 16.2 (Appendix G ), available at **http://www.cod.uscourts.gov/forms/fin_pre_ord_inst_new.pdf**, or at **http://www.cod.uscourts.gov/rules_frame.htm**, or from the District Court's home page **(http://www.cod.uscourts.gov)** under "United States District Court" at "Local Rules" under "Appendix G"] **shall include  the following additions:**

    **a. Concerning Appendix G, paragraph 3. CLAIMS AND DEFENSES:**

    **Any party may elect to omit a summary of the claims, counterclaims, cross-claims, defenses and affirmative defenses.  If a party includes a narrative summary, it shall not exceed one page in length.**

9

**Regardless of whether a narrative summary is included, paragraph 3 SHALL include a separate enumeration of each claim, counterclaim, cross-claim, defense, and affirmative defense to be tried and identify the party with the burden of proof. If a claim, counterclaim, cross-claim, defense, or affirmative defense is asserted under state law, the parties shall designate which state's law applies. Within each separately enumerated claim, counterclaim, cross-claim, defense, or affirmative defense, the parties shall enumerate separately each essential or material element comprising the claim or defense. If the parties disagree about the allocation of the burden of proof or the essential elements of a claim or defense,
their dispute shall be noted in a footnote with citations supporting the competing positions.**

**b.   Concerning Appendix G, paragraph 12. EFFECT OF FINAL PRETRIAL ORDER:**

**Paragraph 12 shall include a statement to the effect that the Final Pretrial Order may be amended, modified, or supplemented by the anticipated Trial Preparation Conference Order or any order entered during the trial preparation conference, which subsequent orders are anticipated and incorporated by such reference**.

**B.  Trial Settings**

1.  Whenever practicable, the case shall be set for trial and Trial Preparation Conference during the scheduling conference via interchambers communication; otherwise, immediately subsequent to the scheduling conference, counsel and pro se parties shall report to chambers **(Room A741 located on the seventh floor)** to set the case for trial and for Trial Preparation Conference. (See D.C.COLO.LCivR 16.1).

2.  Trials will commence whenever possible on Mondays and will continue through Thursday.  Fridays are reserved for the court's criminal docket and other matters.  Trials will resume the following Monday or business day.  Therefore, for example, if your trial is set for more than four (4) days, your trial will run from Monday through Thursday, with Friday off, resuming the following Monday or business day.

**C.  Trial Preparation Conference**

1. The Trial Preparation Conference will be held **three to five (3-5) weeks** before trial.   Once trial has been set, the court will issue a Trial Preparation Conference Order that will confirm the trial date, confirm the Trial Preparation

10

Conference date, and specify the tasks to be completed before, by, and during the Trial Preparation Conference.

      2. The form of Trial Preparation Conference Order is available at **http://www.co.uscourts.gov/judges/TPC%20Order%20Civil.pdf** .

### D.  Trials To Court

      1. For a trial to the court, not less than **five (5) business days** before trial, counsel and any pro se party shall file proposed findings of fact, conclusions of law, and orders. Counsel and any pro se party are requested to state their proposed findings of fact as nearly as possible in the same order as their anticipated order of proof at trial. Counsel and any pro se party are also requested to key their closing arguments to their proposed findings of fact and conclusions of law and to emphasize the evidence on which they rely to support their positions.

      2. For a trial to the court, a resume or *curriculum vitae*, marked and marshaled as an exhibit, generally will suffice for the qualification of an expert witness.

### E.  Jury Trials

      1. Jury trials will begin with jury selection on Monday morning at 8:30 a.m., with the trial commencing after jury selection. Counsel and pro se parties shall be present on the first day of trial at 8:00 a.m., to review and complete the required **Trial Checklist** with the courtroom deputy clerk (forms available in the clerk's office or online at **http://www.cod.uscourts.gov/judges/reb_civ_check.pdf** or at **http://www.cod.uscourts.gov/judges_frame.htm** under "Judge Robert E. Blackburn" at "Civil Case Checklist," or from the District Court's home page (**http://www.cod.uscourts.gov/**) under "United States District Court" at " Judicial Officers' Procedures" under "Judge Robert E. Blackburn" at "Civil Case Checklist"). Commencing the second day of trial, the normal trial day will begin at 8:30 a.m. and continue until 5:00 p.m. Time permitting, motions in limine or preliminary matters will be heard before or after the trial day; however, hearings in other cases may also be set for such times. The trial day will have periodic morning and afternoon recesses of approximately **fifteen (15) minutes** duration. A lunch break will be scheduled for one hour beginning sometime between 11:30 a.m. and 12:30 p.m. depending on the exigencies of trial.

      2. The jury shall consist of **eight (8)** jurors. Pursuant to Fed.R.Civ.P. 47(b) and 28 U.S.C. §1870, each side shall have **three (3)** peremptory challenges.

      3. Voir Dire:

          a. Not less than **five (5) business days** before trial, the parties shall file their proposed *voir dire* questions.

b. Pending a specific order of the court to the contrary, each side shall be permitted *voir dire* examination of **fifteen (15) minutes** following *voir dire* examination by the court.

4. Jury Instructions and Verdict Forms:

a. Counsel and any pro se party shall confer well in advance of trial, and not less than **thirty (30) days** before trial, shall file and submit by electronic mail to **blackburn_chambers@cod.uscourts.gov** 1) a statement of claims and defenses that the parties stipulate should be given to the jury; and 2) those jury instructions and verdict forms that the parties stipulate should be given to the jury. Otherwise, concerning special or disputed instructions or disputed verdict forms, not less than **thirty (30) days** before trial, each party shall tender any proposed special or disputed instruction or disputed verdict form as provided below in Subsections b, c, and d.  It is often possible for the parties to stipulate to all "stock" instructions, and frequently the parties are able to agree on most substantive instructions and verdict forms as well.  Whenever applicable the parties should use the court's preferred jury instructions and verdict forms (available online at **http://www.cod.uscourts.gov/judges/reb_civ_jury_inst.pdf**, or at **http://www.cod.uscourts.gov/judges_frame.htm** under "Judge Robert E. Blackburn" at "Civil Jury Instructions," or from the District Court's home page **(http://www.cod.uscourts.gov/)** under "United States District Court" at "Judicial Officers' Procedures" under "Judge Robert E. Blackburn" at "Civil Jury Instructions").

b. Proposed instructions and verdict forms shall be filed and submitted by electronic mail to **blackburn_chambers@cod.uscourts.gov**. Instructions must be tendered in preferably Word Perfect format (preferably Word Perfect 12 or a later version of Word Perfect) or Word, using Arial 12 point font and double-spaced.

c. **Each instruction and verdict form tendered must be in a separate document or file.**

d. Tendered instructions and verdict forms must be submitted as attachments to an e-mail.  The attachments must organized into three groups: 1) Stipulated instructions; 2) Competing instructions; and 3) Non-stipulated instructions.  When submitting proposed instructions and verdict forms, the instructions and verdict forms must be attached to the e-mail in the form and order specified below:

1. **Stipulated** – The file name for each stipulated instruction and verdict form must include a clear indication that the instruction or verdict form is stipulated, and a numerical designation.  A file name such as "Stip 01" is sufficient.  **All** stipulated instructions and verdict

12

forms must appear as a first group of attachments in the e-mail, and the e-mail must clearly indicate the group of attachments that contains all stipulated instructions and verdict forms.

   2. **Competing** – Competing instructions and verdict forms are those instructions and verdict forms addressing issues about which the parties agree an instruction or verdict form is necessary, but disagree about its wording. The file name for each competing instruction and verdict form must include a clear indication that the instruction or verdict form is competing, a designation of the party tendering the instruction, and a numerical designation. A file name such as "Comp D 01" or "Comp P 01" is sufficient. **All** competing instructions and verdict forms must appear as a second group of attachments in the e-mail, and the e-mail must clearly indicate the group of attachments that contains all competing instructions and verdict forms.

   3. **Non-stipulated** – Non-stipulated instructions and verdict forms are those requested by an individual party to which any other party objects, but does not tender a competing instruction or verdict form. The file name for each non-stipulated instruction and verdict form must include a clear indication that the instruction or verdict form is non-stipulated, a designation of the party tendering the instruction, and a numerical designation. A file name such as "Non-stip D 01" or "Non-stip P 01" is sufficient. **All** non-stipulated instructions and verdict forms must appear as a third group of attachments in the e-mail, and the e-mail must clearly indicate the group of attachments that contains all non-stipulated instructions and verdict forms.

   e. In diversity cases where Colorado law applies, please submit instructions and verdict forms that conform to CJI-Civ 4th.

   f. Not less than **thirty (30) days** before trial, each party shall file a brief or memorandum in support of the proposed instructions and verdict forms that are competing or non-stipulated.

   g. **At the jury instruction conference (charging conference) after the close of evidence, or any prior jury instruction conference, the court shall consider only those instructions and verdict forms managed in conformity with the foregoing sections or that address unanticipated matters raised during trial**.

5. Jurors will be permitted to take notes during the trial.

6. The jury will be instructed before closing argument.

7. Each juror will be given copies of the written jury instructions and verdict forms for their use and consideration during deliberations.

### F. Trial Briefs

1. Trial briefs are encouraged, but not required absent specific court order. If filed, trial briefs shall not exceed **ten (10) pages** and shall be filed not later than **five (5) business days** before trial. Please flag evidentiary issues in a trial brief rather than by motion in limine.

## V. MOTIONS' AND OBJECTIONS' PRACTICE

### A. Motions Not Addressed In D.C.COLO.LCivR 7.1C

1. Excluding motions filed under Fed.R.Civ.P. 56 [*See* REB Civ. Practice Standard V.I.4.] or 65, or under Fed.R.Evid. 702, all motions not covered by or addressed in D.C.COLO.LCivR 7.1C, including, but not limited to, motions presenting issues in limine or only contested issues of fact, shall be marshaled and determined in the time and manner prescribed by D.C.COLO.LCivR 7.1C and REB Civ. Practice Standard V.B.1.

### B. Page Limitations

1. Except motions for summary judgment [*See* REB Civ. Practice Standard V.I.4.], all other motions, objections (including objections to the recommendations or orders of United States Magistrate Judges), responses, and concomitant briefs shall not exceed **fifteen (15) pages**. Motions and briefs shall be combined and shall be considered one paper for purposes of computing page limitations. Replies shall not exceed **ten (10) pages**. These page limitations shall include the cover page, jurisdictional statement, statement of facts, procedural history, argument, authority, closing, signature block, and all other matters, except the certificate of service.

### C. Untimely Or Noncomplying Motions, Objections, Responses, or Replies

1. Motions that are untimely, noncomplying, or filed without a certification pursuant to D.C.COLO.LCivR 7.1A will be denied without prejudice or stricken *sua sponte*.

2. Untimely or noncomplying objections, responses, or replies will be denied without prejudice or stricken or ignored.

3. A "noncomplying" motion, objection, response, or reply is a paper that does not conform in form or substance to the procedural, formatting, or technical requirements of the apposite statute, regulation, rule of civil procedure, local rule, or these practice standards.

**D. Unopposed Motions**.

1. An unopposed motion shall be designated as required by D.C.COLO.LCivR 7.1B. A proposed order shall be submitted with **all** unopposed motions. (**Please do not include the word "proposed" in the title of the tendered order**. Do not submit proposed judgments, since judgments are prepared by the clerk of the court.) Without a proposed order, the motion may be denied without prejudice *sua sponte* as abandoned. If an appearance is required, the matter will be set for a perfunctory hearing.

**E. Responses and Replies**.

1. A response shall clearly and completely identify by title, court CM/ECF docket number, and date filed the antecedent motion or petition to which response is made. Similarly, a reply shall clearly and completely identify by title, court CM/ECF docket number, and date filed the antecedent response to which reply is made.

**F. Emergency Or Forthwith Hearings on Motions**.

1. A "forthwith hearing" is a hearing that cannot be handled through normal setting and notice requirements because of the need for immediate judicial intervention. Any request for forthwith hearing must be in writing stating the reason(s) warranting immediate action. The request for forthwith hearing should indicate that either notice was given to all parties of record or contain a statement explaining why such notice could not be given. A courtesy call to **Susan Schmitz**, at **303-335-2350**, advising chambers that such a motion is being filed is appreciated and will help facilitate prompt consideration. Unless required by statute or rule of procedure, after reviewing the request for forthwith hearing, the court may 1) order that the matter be heard as soon as possible on a forthwith basis; 2) require that notice and opportunity to respond be given to any opposing party; or 3) deny the request for forthwith hearing and require that the matter be set using normal setting procedures. If the court determines that a forthwith hearing is necessary, it shall not occur without a good faith effort to notify all parties of record in the manner and form directed by the court.

**G. Motions In Limine**

1. Motions in limine are discouraged, *a fortiori*, when the motion is evidence driven and cannot be resolved until evidence is presented at trial.

2. Motions in limine shall be filed and determined in the time and manner prescribed by D.C.COLO.LCivR 7.1C and REB Civ. Practice Standard V.A.1 and B.1.

3. Motions implicating Fed.R.Evid. 702 shall be filed and marshaled in the time, format, and manner required in the Trial Preparation Conference Order or as otherwise ordered.

**H.  Hearings.**

1. Motions may be determined without a hearing or may be set for an evidentiary hearing or for oral argument. The time allocated for oral argument, if any, will be set in the order setting the hearing.

**I.  Dispositive Motions**

1. Every motion and response filed under Fed.R.Civ.P. 12 or 56, shall include a certification that the submitting party has read and complied with the Practice Standards of this court governing the formatting and marshaling of such a motion or response. A noncomplying motion or response may be stricken.

2. Procedures for motions seeking relief pursuant to Fed.R.Civ.P. 12 or 56 are governed by D.C.COLO.LCivR. 7.1C and 56.1, respectively. Deadlines will be applied strictly.

3. **FED. R. CIV. P. 12(b)**

a. Rule 12(b) motions are discouraged if the defect is correctable by the filing of an amended pleading. Counsel should confer prior to the filing of the motion if the deficiency is correctable by amendment (e.g., failure to plead fraud with specificity) and should exercise their best efforts to stipulate to appropriate amendments. For Rule 12(b) motions, the following format should be used:

1. For each claim for relief that the movant seeks to have dismissed, clearly enumerate each element *that movant contends must be alleged, but was not.*

2. The respondent should utilize the same format for each challenged claim. If the respondent disputes a particular element, the element should be identified as **"DISPUTED"** and briefed. If the respondent contends that a proper and sufficient factual allegation has been made in the complaint, the respondent should identify the page and paragraph containing the required factual allegation.

3. If matters outside the pleadings are submitted in support of or opposition to a Rule 12(b) motion, an order to show cause why the motion should not be treated as a Rule 56 motion may be issued. In such event, the case will proceed to scheduling conference without prior determination of the motion.

    b. If a party elects to file more than one Rule 12(b) motion, then opening briefs and response briefs shall not exceed **fifteen (15) pages** total for all such motions (not each such motion) filed by that party.

    4. **FED. R. CIV. P. 56**

        a. Opening briefs and response briefs shall not exceed **twenty (20) pages**. Reply briefs shall not exceed **ten (10) pages**. These page limitations shall include the motion for summary judgment, cover page, jurisdictional statement, statement of facts, procedural history, argument, closing, signature block, and all other matters, except the certificate of service. For purposes of computing page limitations, the motion and brief shall be considered one paper. If a party elects to file more than one Rule 56 motion, then opening briefs and response briefs shall not exceed **twenty (20) pages** total for all such motions (not each such motion) filed by that party.

        b. For all Rule 56 motions, the following format shall be used:

            1. For each claim for relief or defense (*as to which judgment is requested*) the movant shall state:

                a. the party having the burden of proof;
                b. each element (*which must be proved*);
                c. every <u>material</u> undisputed or admitted fact (*in proof of such element*) and its location in the record; and
                d. the required material facts for which the respondent has the burden of proof that cannot be established (*with references to the record where appropriate*).

            2. The respondent should utilize the same format for each claim/defense. If the respondent disputes the burden of proof or that an identified element is such, the element should be identified as "**DISPUTED**" and briefed. If there is no dispute about the burden of proof or about an element, the respondent should identify any material facts in dispute and where such facts are found in the record.

**J. Default Judgments**

    1. A motion for default judgment under Fed.R.Civ.P. 55 (b) shall include the following documents or information:

        a. The CM/ECF docket number and date of entry of default by the clerk under FED. R. CIV. P. 55(a);

17

    b.  The original summons or a waiver of service evidencing valid service on the particular defendant in accordance with Fed.R.Civ.P. 4, or other applicable law;

    c.  An affidavit or affidavits establishing that the particular defendant is not an infant, an incompetent person, an officer or agency of the United States, the State of Colorado, or in the military service;

    d.  An affidavit, exhibit, establishing the amount of damages and interest, if any, for which judgment is being sought;

    e.  If attorney fees are requested, an affidavit that the defendant agreed to pay attorney fees, or that they are provided by statute; that they have been paid or incurred; and that they are reasonable;

    f.  If the action is on a promissory note, the original note shall be presented to the court in order that the court may make a notation of the judgment on the face of the note.  If the note is to be withdrawn, a photocopy shall be substituted;

    g.  A proposed form of judgment (please do not include the word "proposed" in the title of the tendered judgment) that shall recite in the body of the judgment:

      1.  The name of the party or parties to whom the judgment is to be granted;
      2.  The name of the party or the parties against whom judgment is being taken;
      3.  The specific basis of the court's jurisdiction;
      4.  When there are multiple parties against whom judgment is taken, whether the relief is intended to be joint and several; and
      5.  The principal amount, interest, and attorney fees, if applicable, and costs which shall be stated separately.

  2.  When an affidavit is required, a verified complaint or petition or a declaration under 28 U.S.C. § 1746 shall suffice in lieu of an affidavit.

  3.  If further documentation, proof, or hearing is required, the court shall notify the moving party.

  4.  If the party against whom default judgment is sought is in the military service, or his status cannot be shown, the court shall require such additional evidence or proceedings as will protect the interests of such party in accordance with 50 U.S.C. § 520, including the appointment of an attorney when necessary.  The appointment of an attorney shall be made upon application of the moving

party, and expense of such appointment shall be borne by the moving party, but taxable as costs awarded to the moving party as part of the judgment.

     5. In proceedings under Fed.R.Civ.P. 55, attendance by the moving party or counsel shall not be necessary in any instance in which all necessary elements for entry of default judgment are self-evident from the documents in the court file. When the motion comes up on the docket with no party or attorney appearing, and the court is of the opinion that necessary elements are not so established, the court shall continue or vacate the hearing and advise the moving party or attorney.