IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 01-cv-01315-REB-CBS

LEONARD BALDAUF,

    Plaintiff(s),

v.

JOHN HYATT, et al.,

    Defendant(s).

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Relief** [#167], filed March 11, 2008. I deny the motion.

I construe plaintiff's motion to reopen as a motion for reconsideration under Fed.R.Civ.P. 60(b). **See Brown v. Professional Transportation**, 1989 WL 85056 at *1 (D. Kan. July 20,1989). Rule 60(b)relief requires a showing of exceptional circumstances warranting relief from judgment. **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). **Id**. at 1243-44. Plaintiff here claims that the failure to file objections was attributable to excusable neglect. **See FED.R.CIV.P.** 60(b)(1).[1]

---

[1] Rule 60(b)(1) also applies to claims of mistake, inadvertence, or surprise. Counsel has merely cited the rule, without explaining how any of the circumstances contemplated thereby apply to this case. I find the facts of this case are most consistent with a claim of excusable neglect.

Plaintiff failed to file timely objections to the magistrate judge's recommendation that defendants' motion for summary judgment be granted. Plaintiff's counsel represents that he never received a copy of the recommendation via the court's electronic case filing system. He was not aware that a recommendation had been entered until he received a copy of my order adopting the recommendation. Counsel has submitted an affidavit from his paralegal attesting that his "firm has had problems with receiving e-mails and notifications in the past, and, indeed, specifically in regard to this case" (Plf. Motion App., Lornell Aff. ¶ 5 at 2), but cannot otherwise explain why notice of the filing was not received.[2]

Assuming *arguendo* that counsel did not receive the recommendation, I cannot find that his failure to file objections was the result of excusable neglect. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" ***Jennings v. Rivers***, 394 F.3d 850, 856 (10th Cir. 2005) (quoting ***Pioneer Investment Services Co. v. Brunswick Associates Ltd.***, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed. 74 (1993)). One of the factors that the court may consider is "whether the mistake was a single unintentional incident." ***Id.*** at 857. Plaintiff's counsel frankly acknowledges that his office experienced an identical episode of failure to receive notice of a filing in this

---

[2] My own investigation of the matter reflects that although there were some problems with delayed delivery of electronically filed documents to counsel's email account last summer around the time the motion for summary judgment was filed, both the motion for summary judgment and the magistrate judge's recommendation in this case were ultimately successfully sent to counsel's email address. Moreover, the Clerk's office has been able to confirm that both the motion for summary judgment and the recommendation was actually received at that address on the day they were filed.

2

very case barely six months prior. (***See* Unopposed Motion for Enlargement of Time** [#149], filed August 9, 2007 (representing that counsel failed to receive notice of the filing of defendant's motion for summary judgment in July, 2007).) At the very least, this apparent computer glitch should have heightened counsel's vigilance to the need, not just in general, but in this case in particular, to have a back up plan for checking on the status of the case. The paralegal's affidavit appended to plaintiff's motion shows that counsel had the capacity to do so. (*See* Plf. Motion App., Lornell Aff. ¶ 4 at 2.) Neglecting to pursue such a course of action in the face of a known risk that notices apparently were not being received is not excusable.

Another pertinent consideration is "whether the attorney attempted to correct his action promptly after discovering the mistake." ***Jennings,*** 394 F.3d at 857. Plaintiff's counsel admits that he received notice of my order adopting the magistrate judge's report and recommendation on the day it was filed, Thursday, January 31, 2008. He does not explain why he then waited nearly six weeks, until Tuesday, March 11, 2008, to file a motion seeking relief from that order. Such protracted delay is not the stuff of excusable neglect.

In addition to the fact of delay itself, counsel has failed to present any argument suggesting that plaintiff may have one or more meritorious objections to the magistrate judge's recommendation. ***See id.*** ("An additional consideration is whether the moving party's underlying claim is meritorious."). One would have thought that having waited six weeks to file his motion, plaintiff's counsel would have presented proposed objections with his motion for relief, but he did not. He does not even make the

3

conclusory statement that meritorious objections exist, much less suggest what they might be. It thus is difficult for me to conclude that the failure to file objections constituted excusable neglect.

Considering all these factors, I must conclude that counsel's failure to timely object to the magistrate judge's report and recommendation was not due to excusable neglect. Accordingly, the motion for relief must be denied.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Relief** [#167], filed March 11, 2008, is **DENIED**.

Dated April 8, 2008, at Denver, Colorado.

**BY THE COURT:**

**/s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**